[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13844
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-24003-UU


HUMBERTO TRIAS,
a.k.a. Humberto Toras,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,

Defendant,

NURSE BERNICE TERRELL,
individual,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 23, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Humberto Trias, a Florida inmate proceeding pro se, appeals the district judge's dismissal without prejudice of his 42 U.S.C. § 1983 civil rights complaint for failure to exhaust administrative remedies.  We affirm.

## I. BACKGROUND

Trias's complaint states, on the morning of February 18, 2010, while Trias, an insulin-dependent diabetic, was housed at the South Florida Reception Center ("SFRC"), Nurse Bernice Terrell, whom Trias knew only as "Nurse B." at the time, injected Trias with an overdose of insulin.  Later that morning, Trias fainted and hit his head on the corner of a steel locker, as a result of which he suffered several serious injuries.

Trias alleged, on February 20, 2010, he filed an inmate request form concerning the February 18 incident, and, on February 26, 2010, he filed an informal grievance, but received no response to either submission.  Because inmates were not given copies of filed forms, Trias had to draft additional handwritten copies for his files.  Trias then filed informal grievances with the SFRC and Calhoun Correctional Institution ("Calhoun CI") assistant wardens, on July 12 and August 24, 2010, respectively.[1]  He received responses to both submissions.  On September 4 and October 1, 2010, Trias filed formal grievances,

---

[1] Trias was transferred to Calhoun CI in March 2010.  He later was transferred to Liberty Correctional Institution.

2

but did not receive a response to either filing. Trias also alleged his Medication and Treatment Record for February 18, 2010, was missing from his file.

In November 2011, Trias filed a pro se § 1983 complaint against Nurse Bernice Terrell, of the SFRC, asserting various Eighth Amendment claims, as well as a state-law personal-injury claim.[2] Trias attached several exhibits to his complaint. Trias's inmate request forms dated February 20 and 26, 2010, contained no entries in the sections designated for responses. A July 12, 2010, informal grievance addressed to the SFRC assistant warden indicated it was being returned to Trias, because it had been filed at a location to which he was not currently assigned. An informal grievance addressed to the Calhoun CI assistant warden, dated August 24, 2010, was denied, because no documentation in Trias's medical records substantiated his claim of an insulin overdose on February 18, 2010.

In a September 4, 2010, Request for Administrative Remedy or Appeal addressed to the Calhoun CI assistant warden, Trias indicated he was appealing an informal grievance concerning the February 18 incident. In a Request for Administrative Remedy or Appeal addressed to the Secretary of the Florida Department of Corrections ("FDOC"), dated October 10, 2010, Trias stated the time for responding to his September 4 request had expired, and he was seeking to

---

[2] Trias also named as a defendant Ken Tucker, the Secretary of the Florida Department of Corrections. Tucker was dismissed from the case and is not a party to this appeal.

3

further exhaust his administrative remedies.  No response or acknowledgement of receipt appeared on the September 4 or October 10 forms.

Trias also submitted an affidavit sworn to by FDOC inmate Jessie Milton. Milton attested he had filed several grievances for which he had received no response.  He explained that inmates previously had received signed receipts upon the submission of grievances.  Under the current procedures, however, inmates had to wait for receipts, which sometimes never were given.  In such situations, inmates were unable to substantiate the filing of grievances.

In addition, Trias attached several document requests and informal grievances he had submitted to the medical departments at Liberty Correctional Institution and the SFRC between July and September 2011, as well as several of Trias's medical records.  A response to Trias's July 8, 2011, request for "Mrs. B.['s]" full name identified her as "Beatriz Terrel."  ROA at 34.

Following discovery, Nurse Terrell moved for summary judgment on several grounds, including that Trias had failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  Nurse Terrell argued Trias did not file a formal grievance or an appeal to the FDOC Secretary, as required by state grievance procedures.  Nurse Terrell submitted several documents in support of her summary judgment motion, including an affidavit sworn to by Rebecca Padgham, a Correctional Services Assistant

4

Consultant employed by the FDOC Bureau of Policy Management and Inmate Appeals ("BPMIA"). Padgham attested she was the records custodian for all inmate grievance appeals to the FDOC Secretary. After reviewing Trias's grievance file, Padgham determined Trias did not file any appeals to the FDOC Secretary regarding Nurse Terrell and an alleged insulin overdose on February 18, 2010.

Trias testified in his deposition that, after the February 18, 2010, incident, he had difficulty obtaining grievance forms, which are kept behind a glass wall by an officers' station. Several times, Trias was told no request forms were available. Another inmate provided a request form to Trias on the evening of February 20. Trias testified, on that date, he asked Nurse Terrell for her name, which she refused to provide. A response to a later grievance indicated Nurse Terrell's first name was "Beatrice" and included an incorrect spelling of her last name. ROA at 355. A relative of Trias eventually learned Nurse Terrell's name.

In his opposition to Nurse Terrell's summary judgment motion, Trias argued he had complied with the grievance procedures, including filing an administrative appeal to the FDOC Secretary, but he had no power to force a response to a grievance. He further argued prison officials should not be allowed to take unfair advantage of the PLRA exhaustion requirements.

5

The district judge sua sponte ordered Trias to file a supplemental response as to exhaustion. The judge explained she would resolve any factual disputes concerning exhaustion without a hearing. The judge further explained Trias could not rely solely on his complaint or unsworn response, but was required to submit a sworn statement including all information bearing on his satisfaction of the grievance procedures and his credibility on that issue.

In response, Trias filed an affidavit in which he attested he had to rely on handwritten copies of his submissions, because carbon copies were not provided for the Request for Administrative Remedy or Appeal forms. Trias further attested the SFRC, where the February 18, 2010, incident occurred, did not have a locked grievance box, as required by administrative rules. He contended this lapse, along with authorities' inability to locate his medical records concerning the February 18 incident and their failures to respond to several of his grievances, gave rise to issues of fact as to the mishandling of grievance records and implied the existence of an institutional conspiracy. Trias asserted his credibility was supported by: (1) his July and August 2010 informal grievances; (2) his persistent efforts to exhaust his administrative remedies; and (3) the response to his July 8, 2011, informal grievance, which contained incorrect information.

The district judge construed Nurse Terrell's motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies, dismissed

6

Trias's § 1983 claim on that ground, and declined to exercise supplemental jurisdiction over Trias's state-law claim.  The judge found Trias had not appealed to the FDOC Secretary and therefore had not exhausted his administrative remedies.  The judge stated she had considered all of the evidence, but notably was persuaded by the affidavit of FDOC records custodian Rebecca Padgham.  The judge noted the FDOC's procedures, under which a grievance may pass through the hands of multiple staff members and offices before a receipt is issued to the inmate, "invite[d] this very factual dispute."  ROA at 509-10.

Nevertheless, the judge found the following facts diminished the credibility of Trias's exhaustion claim: (1) his pursuit of the administrative procedures had been erratic and often failed to comply with the procedural requirements; (2) he did not follow through when his original informal grievance went unacknowledged in February 2010; (3) he waited over five months before filing a second informal grievance in the wrong institution; and (4) his third informal grievance was untimely, even though it was denied on the merits.  The judge concluded Nurse Terrell had met her burden of showing Trias had not exhausted his administrative remedies, and the judge dismissed Trias's complaint without prejudice on that ground.

On appeal, Trias argues the district judge erroneously dismissed his complaint and disputed facts as to exhaustion should be decided by a jury.

7

According to Trias, the FDOC repeatedly interfered with his attempts to pursue his administrative remedies by failing to comply with its own rules and to provide receipts and responses. Trias further argues, when his August 24, 2010, informal grievance was denied on the merits, his prior grievances became moot, and the district judge abused her discretion by considering them in the dismissal of his complaint. Trias claims he properly filed an appeal with the FDOC Secretary after he did not receive a timely receipt of the formal grievance he filed with the Calhoun CI assistant warden, and he was not required to grieve a breakdown in the grievance process.

Trias argues "summary judgment" was not appropriate in light of the district judge's finding that FDOC procedures invited the current factual dispute. Terrell's Br. at 12. Trias contends, because state personnel lost his appeal to the FDOC, his case falls within an exception to the PLRA's exhaustion requirements. Trias also asserts prison authorities' inability to locate his medical records from the day in question suggests intentional interference. According to Terrell, because of changes to grievance procedures, it is impossible for an inmate to substantiate the filing of any grievance other than by making his own handwritten copies of filings. Trias contends a system whereby the FDOC can raise an exhaustion defense

8

simply by "purporting" it never received a grievance appeal is fundamentally

unfair.[3]  Trias Reply Br. at 2.

## II. DISCUSSION

We review de novo the district judge's application of 42 U.S.C. § 1997e(a),

the PLRA's exhaustion requirement.  *Higginbottom v. Carter*, 223 F.3d 1259, 1260

(11th Cir. 2000) (per curiam).  We review for clear error the district judge's

findings of fact, including credibility determinations, underlying a determination as

to exhaustion.  *See Bryant v. Rich*, 530 F.3d 1368, 1378-79 (11th Cir. 2008).  If the

judge's assessment of the evidence is plausible in light of the record viewed in its

entirety, we may not reverse even if convinced we would have weighed the

evidence differently.  *Anderson v. Bessemer City*, 470 U.S. 564, 573-74, 105 S. Ct.

1504, 1511 (1985).

Before a prisoner may file a § 1983 suit in federal district court challenging

the conditions of his confinement, he must first exhaust all administrative remedies

as a precondition.  42 U.S.C. § 1997e(a); *Leal v. Ga. Dep't of Corr.*, 254 F.3d

1276, 1279 (11th Cir. 2001) (per curiam).  To exhaust administrative remedies as

required by the PLRA, prisoners properly must take each step in the administrative

process.  *Bryant*, 530 F.3d at 1378.  An assertion that available administrative

---

[3] While Trias also attempts to raise a new argument and assert the doctor who prescribed insulin to him is not licensed in Florida, we find this argument does not warrant discussion. Regardless of whether Trias's contentions regarding the licensing status of his prescribing doctor are properly before us, they have no bearing on the question of exhaustion.

procedures are futile does not excuse the exhaustion requirement. *Higginbottom*, 223 F.3d at 1261.

A defendant bears the burden of proving the plaintiff has failed to exhaust available administrative remedies. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). A district judge may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust. *See id.* The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376.

To exhaust administrative remedies, a Florida inmate generally must submit: (1) an informal grievance to the staff member responsible for the particular area of the problem, (2) a formal grievance with the warden, and (3) an appeal to the Office of the Secretary of the FDOC. *See* Fla. Admin. Code Ann. rr. 33-103.005(1)(a)-(b), 33-103.006(1), 33-103.007(1); *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004). When filing a medical grievance, an inmate may begin the process with a formal grievance, which may be followed by an appeal to the FDOC Secretary. *See* Fla. Admin. Code Ann. rr. 33-103.005(1), 33-103.007(1).

The reviewing authority has 10 days to respond to informal grievances and 20 days to respond to formal grievances. *Id.* r. 33-103.011(3)(a)-(b). Unless the

10

inmate has agreed to an extension in writing, expiration of these time limits at any step in the grievance process entitles the inmate to proceed to the next step. *Id.* r. 33-103.011(4). Where an informal grievance was filed, a formal grievance must be received no later than 15 days after a response to the informal grievance was given. *Id.* r. 33-103.011(l)(b)1. An appeal to the FDOC Secretary likewise must be received no later than 15 days from the date the response to a formal grievance was provided to an inmate. *Id.* r. 33-103.011(l)(c).

The district judge did not err when she concluded Trias had not exhausted his administrative remedies. The evidence was sufficient for the judge reasonably to determine Nurse Terrell met her burden of showing Trias did not file an appeal to the FDOC Secretary, as required by the PLRA in conjunction with the Florida inmate grievance procedures. *See* 42 U.S.C. § 1997e(a); Fla. Admin. Code Ann. r. 33-103.007(1); *Turner*, 541 F.3d at 1082; *Chandler*, 379 F.3d at 1288.

Trias has cited no authority for his contention that the district judge, in making a credibility assessment, could not consider all of Trias's various information requests and grievances related to the February 18, 2010, incident. Regardless of whether the FDOC interfered with his attempts to pursue his administrative remedies, provided an incorrect spelling of Nurse Terrell's name, or failed to follow its own rules, Trias was not relieved of his obligation to file an appeal to the FDOC Secretary. *Cf. Higginbottom*, 223 F.3d at 1261 (explaining

11

that a claim that administrative procedures are futile does not excuse the exhaustion requirement).

Trias's challenge to the district judge's improper grant of "summary judgment" is belied by the record. The judge explicitly explained she was treating Nurse Terrell's assertion of Trias's failure to exhaust administrative remedies "as if it were raised on a motion for dismissal." ROA at 503. Because the parties had a sufficient opportunity to develop the factual record, the judge was empowered to resolve factual disputes as to this issue. *See Turner*, 541 F.3d at 1082; *Bryant*, 530 F.3d at 1376.

Trias's argument, that he was not required to grieve a breakdown in the grievance process, misreads the basis for the district judge's dismissal. The judge did not fault Trias's failure to grieve a breakdown in the process. Rather, the judge faulted Trias's failure to comply with the available procedures as to his substantive grievance. Trias has provided no evidence to support his contention that FDOC personnel lost his appeal, other than his own testimony, which the district judge was entitled to find was outweighed by other record evidence. *See Turner*, 541 F.3d at 1082; *Bryant*, 530 F.3d at 1376.

Contrary to Trias's contention, Nurse Terrell was not entitled to a dismissal simply by "purporting" the FDOC never received his appeal. Nurse Terrell submitted evidence in support of this assertion in the form of an affidavit sworn to

12

by an FDOC records custodian.  The district judge properly determined a factual dispute existed as to this issue and did not clearly err when she found in favor of Nurse Terrell.[4]  *See Turner*, 541 F.3d at 1082; *Bryant*, 530 F.3d at 1376.

**AFFIRMED.**

---

[4] Trias has abandoned, by failing to brief, any argument as to the district judge's decision not to exercise jurisdiction over his state-law claims.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (recognizing, although pro se briefs are to be construed liberally, a pro se litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal).